IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TYLER KLIEGL,

                    Plaintiff,                                    **8:23CV359**

          v.

MARTIN O'MALLEY, Commissioner of                                  **ORDER**
Social Security,

                    Defendant.

On August 11, 2023, plaintiff Tyler Kliegl ("Kliegl") brought this action (Filing No. 1) challenging the denial of his request for disability benefits. Defendant Martin O'Malley, the Commissioner of Social Security ("Commissioner"), later filed an Unopposed Motion to Reverse and Remand pursuant to Sentence Four of 42 U.S.C. § 405(g) (Filing No. 16), asking the Court to enter judgment (1) reversing the Commissioner's final decision in Kliegl's administrative case and (2) remanding the matter to "offer Plaintiff the opportunity for a new hearing" and decision (Filing No. 17). On January 4, 2024, the Court granted that motion (Filing No. 18) and entered judgment in favor of Kliegl (Filing No. 19).

Now before the Court is Kliegl's Petition for Attorney's Fees (Filing No. 20) under the Equal Access to Justice Act ("EAJA"), *see* 28 U.S.C. § 2412(d). "The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *SEC v. Zahareas*, 374 F.3d 625, 630 (8th Cir. 2004) (citing 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). Kliegl asks the Court—in light of its previous order reversing and remanding the matter— to award him $3,524.46 in attorney fees under the EAJA.

Kliegl's proposed award represents 13.8 hours of work at $244.48 an hour and 0.6 hours of work at $247.60 an hour.[1]  In support of his motion, Kliegl has submitted an itemization of his counsel's time as well as Consumer Price Index data from the Bureau of Labor Statistics.  *See* 28 U.S.C. § 2412(d)(2)(A) (stating the Court may award fees in excess of $125 per hour if warranted by an increase in the cost of living); *see also Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (concluding that "the Consumer Price Index constitutes 'proper proof' of increased cost of living" and can justify an increased EAJA attorney fee award).

Having no objections to Kliegl's motion, the Commissioner also requests the Court order his proposed fee award (Filing No. 21).  The Commissioner does note, however, that award "may be subject to offset" under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010), and should be made payable to Kliegl "as the litigant."

Based on the parties' submissions, the Court finds Kliegl is entitled to an EAJA attorney fee award of $3,524.46 to be paid by the Social Security Administration.  Kliegl is a prevailing party in this matter and otherwise meets the EAJA's statutory requirements.  *See* 28 U.S.C. § 2412(d)(1)(a).  His request is also reasonable.

Although payable to Kliegl, the EAJA fee award can be sent to his attorneys for distribution.  *See Ratliff*, 560 U.S. at 589-90.  Accordingly,

IT IS ORDERED:

1.   Plaintiff Tyler Kliegl's Petition for Attorney's Fees under 28 U.S.C. § 2412(d) (EAJA) (Filing No. 20) is granted.

2.   Kliegl is awarded attorney fees in the amount of $3,524.46.

3.   The Social Security Administration shall make the fee award payable to Kliegl and deliver the payment to the Kappelman Law Firm at its address of record.

---

[1] The per hour billing rate was adjusted by counsel to reflect changes to the Consumer Price Index between 2023 and 2024.

2

4.      A separate judgment will issue.

Dated this 18th day of March 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge